N° 187  Sup Court                    *David Cable ads. Alexander H.*
*Stowell & Andrew B. Calhoun*               D. GOODWIN Solr. for Deft
Filed 27ᵗʰ April 1835

Michigan Territory
Supreme Court.   In Chancery

*David Cable. defendant ads.* ⎫   The demurrer of the said defendant to the Bill of
*Alexander H. Stowell &* �btrace   Complaint of the aforesaid complainants.
*Andrew B. Calhoun* �btrace
*Complainants* ——— ⎭

The said defendant by protestation not confessing or acknowledging all or any
of the matters in and by the said Bill set forth and complained of to be true in man-
ner and form as the same are therein set forth and alleged says. he is advised that
there is no matter or thing in the Complainants said Bill of Complainant contained

good and sufficient in law to call this defendant to account in this Honorable Court for the same, but that there is good cause of demurrer thereunto and he doth demur thereunto accordingly and for causes of says. that the Complainants said Bill of Complaint in case the same were true. which this defendant in no wise admits Contains not any matter whereon this Court Can ground any decree or give the Complainant any relief or assistance against this defendant. And that by the memorandum and agreement in the said Bill set forth and stated to have been made and executed by the said defendant to the said Calhoun for the sale of the said land and premises in the said Bill mentioned by the said defendant to the said Calhoun it appears that the said defendant agreed to make a deed of Conveyance of the said land and premises only to the said Calhoun and not to the assigns of the said Calhoun and that the said Stowell ought not to Call this defendant into this Honorable Court or to have any releif against this defendant touching the same — and also that the said complainants in and by Interrogatories in their said Bill seek and require this defendant to answer whether he did at any and what time convey or propose to convey the said Estate and premises mentioned in the said Bill to any person or persons other than the said Calhoun by any deed of conveyance or writing purporting to be such. and if so where, when, to whom by what species of conveyance and for what consideration and whether any and every such Conveyance was not made to avoid the performance of the agreement above mentioned stated and set forth in said Bill. Whereas the said Complainants have not in fact in their said Bill any where alleged or Charged that this defendant has at any time conveyed or proposed to convey the said Estate and premises to any person or persons other than the said Calhoun by any deed or writing purporting to be such—

And also that the said complainants in the prayer of their Bill ask and seek that this defendant may be decreed specifically to perform the said agreement above mentioned stated and set forth in their said Bill with the said Calhoun *or* that this defendant may be decreed to make and execute to the said Stowell a good and sufficient deed of conveyance of the said land & premises in said Bill mentioned which two modes of relief so sought for and prayed are repugnant to each other and the said complainants do not designate which one of them they ask and seek from this Honorable Court and that in this the said Bill is double vague and uncertain— Wherefore and for divers other errors and defects in the complainants said Bill of Complaint Contained and appearing on the face thereof this defendant doth as aforesaid demur in law thereunto and humbly crave the judgment of this Honorable Court Whether he is compellable or ought to make any other answer thereunto otherwise than as aforesaid; and this defendant humbly prays to be hence dismissed with his Costs and charges in this behalf most wrongfully sustained.

D. Goodwin Solicitor for Deft